IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE THIEL PAYNE,

      Plaintiff,                      No. 2:11-cv-1970 TLN EFB P

    vs.

J. MARTIN, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He alleges that defendants Ramirez and Bax ("defendants") violated his Eighth Amendment rights by using excessive force on December 29, 2009.[1] Defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust administrative remedies for his claim against Bax.[2] Dckt. No. 29. Plaintiff opposes defendants' motion, Dckt. No. 35, and defendants have filed a reply, Dckt. No. 36. For the following reasons, defendants' motion must be granted.

---

[1] Plaintiff also alleged that defendant Martin violated his First and Eighth Amendment rights, but the court dismissed Martin from this action on February 5, 2013. Dckt. No. 40. This action now proceeds against defendants Ramirez and Bax only.

[2] Defendants' motion included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

## I.      Exhaustion under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

////

2

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d. 1023, 1029 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[3] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives

---

[3] Here, defendants rely on testimonial evidence in the form of declarations from prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

> that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

## II.  Discussion

In their motion to dismiss, defendants accurately summarize plaintiff's excessive force allegations as follows:

> On December 29, 2009 Plaintiff was harassed and denied yard time by Officer Ramirez for having cards in his pocket. (ECF No. 17 at 3.) Officers Ramirez and Martin then walked Plaintiff back to his cell and Officer Bax brought a triangle, which is a chain with a triangle at the end that can be attached to the handcuffs. (ECF No. 17 at 3.)  At Plaintiff's cell, Officer Martin shoved Plaintiff against the wall and Officer Ramirez stated "you['re] not holding the cuffs on me mother fucker." (ECF No. 17 at 3.)  Once Payne was in his cell, officers pulled on the triangle, ripping the handcuffs off Plaintiff and injuring his wrist. (ECF No. 17 at 4.).

Dckt. No. 29-2 at 2.  Liberally construing plaintiff's allegations that the "C/Os . . . maliciously and forcefully beg[an] yanking on & pulling on the chain . . . ripping the handcuffs off . . . without unlocking them," and causing plaintiff injuries, the court found that plaintiff had stated a cognizable excessive force claim against correctional officers Martin, Ramirez, and Bax.  *See* Dckt. Nos. 17, 18.

The evidence submitted with defendants' motion to dismiss shows that on the same day as the alleged use of excessive force, plaintiff submitted an administrative appeal.  Dckt. No. 29-4 ("Daly Decl."), Ex. A at 1.  In the appeal, plaintiff described his complaint as "a complaint against C/Os Martin, C/O Ramirez, and in the presence of C/O Bax."  *Id.*  Plaintiff accused correctional officers Martin and Ramirez of ripping off his handcuffs, but did not mention any use of force, excessive or otherwise, by Officer Bax.  *Id.* at 1, 3.  Plaintiff claimed only that after going upstairs, "Bax came with some type of triangle device."  *Id.* at 1.

4

Plaintiff's appeal was reviewed at three levels. Daly Decl. ¶ 4; Dckt. No. 29-3 ("Lozano Decl.") ¶ 6. Each level of review provided a summary of plaintiff's argument, a summary of the investigation, and a determination. Daly Decl., Ex. A at 5-6 (first level), 9-11 (second level); Lozano Decl., Ex. A at 1-2 (third level). All three appeals were denied. *Id.* At each level, plaintiff's argument was summarized as a complaint against Martin and Ramirez only, not defendant Bax. *Id.*; *see also* Lozano Decl., Ex. A at 1 (merely listing Bax as a witness to the alleged use of unnecessary force by Martin and Ramirez); Daly Decl., Ex. A at 9 (same and noting plaintiff's allegation that Bax took the "triangle device" upstairs).

Based upon this evidence, defendants argue that plaintiff's appeal fails to satisfy the exhaustion requirement for his claim against defendant Bax. *See* Dckt. No. 29-2 at 5 ("Nothing in Plaintiff's grievance alerted the prison to a problem with Bax's actions, so the prison was not given an opportunity to facilitate a resolution, without litigation, to a problem between Plaintiff and Officer Bax."). One of the purposes of the exhaustion requirement is to give "corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25 (noting that "[i]n some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation."). As noted, plaintiff proceeds here on claims that both Ramirez and Bax used excessive force by pulling plaintiff's handcuffs off without first unlocking them. In the administrative appeal, however, plaintiff only mentions Bax's presence during the December 29, 2009 incident, without attributing any use of excessive force to him. Plaintiff's appeal, therefore, did not provide prison officials with an opportunity to respond to plaintiff's allegation that Bax also participated in the use of excessive force. Thus, the court finds that plaintiff's appeal was insufficient to put the prison on notice of plaintiff's excessive force claim against defendant Bax. *See, e.g., Maldonado v. Rodriguez*, 2012 U.S. Dist. LEXIS 74102, No. CIV-S-10-1944 GEB DAD P, at *8-15 (E.D. Cal. May 25, 2012) (plaintiff's appeal, which mentioned both defendants Rodriguez and Green, but only alleged wrongful acts of

1 Rodriguez, was insufficient to exhaust administrative remedies with respect to claim against
2 Green); *Todd v. Lamarque*, No. C 03-3995 SBA, 2007 U.S. Dist. LEXIS 51361, at *8-10 (N.D.
3 Cal. July 2, 2007) (where plaintiff's appeal "center[ed] around the actions of one person: Garcia"
4 with "no suggestion that . . . other officers were part of the problem," and did not request that
5 "any action be taken against anyone other than defendant Garcia," plaintiff failed to exhaust
6 administrative remedies as to claims against other defendant officers). Defendants have
7 therefore met their initial burden of showing that plaintiff failed to properly exhaust his
8 administrative remedies prior to commencing this lawsuit. *See Brown*, 422 F.3d at 936-37. The
9 burden now shifts to plaintiff to produce evidence that demonstrates either exhaustion or
10 circumstances excusing exhaustion. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).
11      In opposition, plaintiff claims that his administrative remedies are exhausted because Bax
12 admits to "bringing the retention chain" and to placing plaintiff in handcuffs. Dckt. No. 35 at 1,
13 Exs. A, B. However, plaintiff fails to demonstrate how such an admission supports a finding that
14 he exhausted available remedies against Bax. While plaintiff's appeal noted that Bax brought
15 the "triangle device" upstairs, this allegation does not even hint at an excessive force claim
16 against Bax. Plaintiff cites to no authority nor alleges any facts showing that use of a "triangle
17 device" is per se excessive. The allegation in a grievance that Bax brought the device upstairs,
18 without more, does not put the prison administrators on notice that Bax allegedly used or
19 participated in the use of device the device in a manner that applied excessive force. Plaintiff's
20 appeal, which limited Bax's involvement in the December 29, 2009 incident to just being
21 present, did not contain enough information to alert prison officials of a complaint against Bax.
22 *See Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (A grievance must "provide enough
23 information . . . to allow prison officials to take appropriate responsive measures.") (quoting
24 *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir. 2004)).
25      Plaintiff submits no evidence showing that his appeal complained that Bax used
26 excessive force, or to dispute defendants' contention that his appeal did not include such facts.

It is also immaterial whether Bax placed plaintiff in handcuffs, given that plaintiff's appeal does not contain this allegation. Moreover, plaintiff complains of an alleged use of force when his handcuffs were removed, not when they were applied. The fact remains that plaintiff's administrative appeal made no references to Bax's purported use of excessive force. Therefore, plaintiff failed to properly exhaust available administrative remedies for his claim against defendant Bax.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss defendant Bax for failure to exhaust administrative remedies (Dckt. No. 29) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE