UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE'THIEL PAYNE,

    Plaintiff,

  v.

J. MARTIN, et al.,

    Defendants.

No. 2:11-cv-1970-TLN-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions for a settlement conference (ECF No. 76) and for the issuance of subpoenas to two proposed trial witnesses (ECF No. 83) and defendant's motion to strike plaintiff's objections to defendant's pretrial statement (ECF No. 88).

**I.  Plaintiff's Motion for Settlement Conference**

Defendant opposes plaintiff's motion for a settlement conference. ECF No. 81. Defendant informs the court that he does not believe a settlement conference would be productive, and declines to accept plaintiff's settlement offer or plaintiff's request for a counter-offer. In light of the apparent futility of a settlement conference, plaintiff's motion will be denied.

/////

1

**II.    Plaintiff's "Motion for Subpoena"**

Plaintiff asks the court to have the U.S. Marshal serve subpoenas on two individuals to ensure their appearance at trial. ECF No. 83. The motion indicates that both individuals were incarcerated at one point, but the California Department of Corrections and Rehabilitation's inmate locator website indicates that one – identified by plaintiff as C. Smith, #T76356 – is no longer incarcerated (or possibly plaintiff has provided an incorrect inmate number for this individual). The other witness – Nelson, #K39042 – is incarcerated at California State Prison, Sacramento. CDCR Inmate Locator, http://inmatelocator.cdcr.ca.gov/ (searched February 24, 2015). Plaintiff's single-page motion fails to comply with this court's prior order instructing plaintiff on the proper procedure for ensuring the attendance at trial of his witnesses. The court will reiterate those requirements:

> I. <u>Obtaining Attendance of an Incarcerated Witness Who Intends to Testify Voluntarily</u>
>
> A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial. The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts. Therefore, a party intending to introduce testimony from such a witness must file with his pretrial statement a motion for an order directing the witness's custodian to produce the witness for trial. The motion must:
>
> > 1. Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;
> >
> > 2. Include affidavits showing that the witness intends to testify voluntarily. This intention can be shown as follows:
> >
> > > a. The party can swear by affidavit that the witness has communicated to him an intention to testify voluntarily. The affidavit must include a statement of when and where the

2

          prospective witness informed the party of this willingness; or

          b. The witness can swear by affidavit that he is willing to testify without the compulsion of subpoena.

     3. Include affidavits showing each witness has actual knowledge of relevant facts. The witness's knowledge can be shown as follows:

          a. The party can swear that he knows the witness saw or heard relevant facts. For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify; or,

          b. The witness can swear to the relevant facts he observed. Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

II. <u>Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily</u>

     If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must with his pretrial statement file a motion for an order directing that witness to appear. Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

III. <u>Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily</u>

     A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness.

/////

////

     IV.  <u>Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

     To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony, and who proceeds in forma pauperis, must complete and submit to the United States Marshal a subpoena for service upon the witness.  Blank subpoena forms may be obtained from the Clerk of the Court. Along with a completed subpoena, the party must also submit a copy of the court's order granting that party in forma pauperis status.  Additionally, the party must tender a money order payable to the witness in the amount of the daily witness fee, $40.00, plus the witness's travel expenses.  The party must also notify the court that these materials have been submitted to the United States Marshal not earlier than four weeks and not later than two weeks before trial.  A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by the materials listed above.  No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding in forma pauperis must tender any witness fees and travel expenses.

ECF No. 50 at 2-4.  Plaintiff has not followed these procedures.  If Mr. Smith is no longer incarcerated and intends to testify voluntarily, plaintiff does not need a subpoena.  If Mr. Smith is no longer incarcerated and will not testify voluntarily, plaintiff must wait until not earlier than four weeks before trial (and not later than two weeks before trial) and then submit his completed subpoena form for Mr. Smith directly to the U.S. Marshal along with the $40 daily witness fee and the witness's travel expenses.  For Mr. Nelson, plaintiff must provide the required affidavits showing whether or not the he will testify voluntarily and what relevant facts he possesses.  If plaintiff complies with these requirements, the court will direct Mr. Nelson's custodian to produce him at trial; no subpoena form need be submitted by plaintiff.  Because plaintiff has not complied with the requirements, his motion to subpoena these two witnesses will be denied without prejudice.

4

### III. Defendant's Motion to Strike

The court will grant defendant's motion to strike plaintiff's objections to defendant's pretrial statement. The court informs plaintiff that the pretrial statement exists for the education of the court and will not determine the facts or law presented to the jury or the resolution of the evidentiary issues identified by the parties. If plaintiff opposes a witness or item of evidence listed by defendant, he may file a motion in limine addressing that issue with the court within the timeframe that will be provided in the court's pretrial order.

### IV. Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's July 1, 2014 motion for a settlement conference (ECF No. 76) is denied;
2. Plaintiff's July 30, 2014 motion for issuance of subpoenas (ECF No. 83) is denied without prejudice; and
3. Defendant's November 3, 2014 motion to strike plaintiff's objections to defendant's pretrial statement (ECF No. 88) is granted, and the Clerk of the Court is directed to strike ECF No. 87.

Dated: February 25, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5