UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE'THIEL PAYNE,<br><br>  Plaintiff,<br><br>  v.<br><br>J. MARTIN, et al.,<br><br>  Defendants. | No. 2:11-cv-1970-TLN-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's March 1, 2016, motion for relief from judgment, which the Court construes as a motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1] (ECF No. 106.) Plaintiff requests reconsideration of the Court's orders dismissing Defendants Bax and Martin from this action.[2] *Id.*

Orders that adjudicate the rights and liabilities of fewer than all the parties may be revised at any time before the entry of a judgment. Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[1] The motion also requested other miscellaneous relief which was properly resolved by the magistrate judge in the amended pretrial order.

[2] This action proceeds against Defendant Ramirez only and is scheduled to begin trial on July 25, 2016.

1

1  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different
2  facts or circumstances are claimed to exist which did not exist or were not shown upon such prior
3  motion, or what other grounds exist for the motion," and "why the facts or circumstances were
4  not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

5        On October 17, 2012, the magistrate judge issued an order informing Plaintiff that he must
6  provide new information about how to locate Defendant Martin for service of process. (ECF No.
7  28.) On December 19, 2012, after Plaintiff failed to respond to that order, the magistrate judge
8  recommended that Defendant Martin be dismissed from this action pursuant to Rule 4(m) of the
9  Federal Rules of Civil Procedure. (ECF No. 37.) Plaintiff did not object to the findings and
10 recommendations. On February 5, 2013, the Court adopted the findings and recommendations in
11 full and dismissed Defendant Martin. (ECF No. 40.)

12       Plaintiff does not explain in his current motion what efforts he made, if any, to locate
13 Defendant Martin from October 2012 to February 2013. Instead, Plaintiff vaguely alleges that he
14 could not locate Defendant Martin for service of process any sooner because he was denied "fair
15 discovery" and "misled by prison staff." (ECF No. 106 at 3, 5.) However, Plaintiff does not
16 indicate whether he actually served a discovery request on Defendant Ramirez seeking
17 information about where Defendant Martin could be located for service of process or how
18 Defendant Ramirez (who listed Martin as a trial witness in his August 29, 2014 pretrial statement)
19 responded to that request. *See* Def. Ramirez's Pretrial Statement (ECF No. 84) at 8 (indicating
20 that Martin could be located through defense counsel). Plaintiff does not otherwise explain what
21 circumstances changed that only "recently" allowed him to locate an address for service of
22 process on Defendant Martin. *See id.* at 3. Plaintiff fails to demonstrate that he is entitled to
23 relief from the order dismissing Defendant Martin from this action.

24       On August 16, 2013, the Court dismissed Defendant Bax from this action because
25 Plaintiff failed to exhaust his administrative remedies. (ECF No. 49.) Plaintiff fails to
26 demonstrate any basis for relief from this order.

27       Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment,
28 construed as a motion for reconsideration pursuant to Rule 54(b) (ECF No. 106), is denied.

Dated: April 19, 2016

Troy L. Nunley
United States District Judge